```
                                                FILED
                                          U.S. DISTRICT COURT
                                          DISTRICT OF NEBRASKA
```

IN THE UNITED STATES DISTRICT COURT           2025 JUN 17 PM 2:43
FOR THE DISTRICT OF NEBRASKA

```
                                           OFFICE OF THE CLERK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>JOYA M. KINNEY,<br><br>           Defendant. | 8:25CR117<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Matthew R. Molsen, Acting United States Attorney and John E. Higgins, Assistant United States Attorney, and defendant, Joya M. Kinney, and Ryan S. Crnkovich, counsel for defendant, as follows:

## I
## THE PLEA

A.   **CHARGE(S) & FORFEITURE ALLEGATION(S).**

Defendant agrees to waive Indictment and plead guilty to Count I of an Information. Count I charges a violation of Title 18, United States Code, Section 666(a)(1)(A).

B.   In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.   The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for offenses related to theft, embezzlement, fraud or conversion as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## NATURE OF THE OFFENSE

A.   **ELEMENTS EXPLAINED.**

1

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant was an agent of an organization;
2. Defendant embezzled, stole, obtained by fraud, or converted to her own use or the use of another person without authority property of a value of $5,000 or more;
3. The property was owned by or under the care, custody or control of the organization; and
4. The organization received benefits in excess of $10,000 in the one year period beginning April 1, 2020, pursuant to a federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other federal assistance.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

From 2014 until her termination in May 2023, Defendant was the bookkeeper for an incorporated private school located in Nebraska (the "School"). As the bookkeeper for the School, Defendant was responsible for making financial entries into the accounting system the School used. She also deposited monies into the School's checking account, which was with a bank in Nebraska, and reconciled the School's accounting system entries with the School's checking account.

As part of her responsibilities at the School, Defendant had access to a credit card in the name of the School which she was authorized to use to make purchases on behalf of the School. Defendant also had access to the School's bank account(s), including the means to conduct online transactions.

At times, parents of School students made cash payments at the School. Whoever received the funds in the School's office provided a written receipt and initialed it. A copy was given to the parent and another copy was retained for the School's records. Money received at the office was placed in a lock box in the main office area. Defendant was the individual responsible for removing funds from the lockbox and depositing them at the bank and for making the corresponding entries in the School's accounting system.

In May of 2023, an outside auditor reported inconsistencies in the School's accounting records. Specifically, the auditor noted four withdrawals of $10,000 each from a cash account in

2

the accounting system that created cause for concern. Defendant later admitted to School staff that she conducted the four $10,000 cash withdrawals and that they were not authorized by the School. Defendant was terminated from her position at the School after this admission. An audit requested by the School revealed additional financial discrepancies.

The Federal Bureau of Investigation conducted an investigation that verified and amplified the findings from the audit. Specifically, the records and other evidence gathered by the FBI showed that, during approximately March 2016 to May 2023, Defendant embezzled, stole, obtained by fraud, and converted approximately $452,176 of School funds in the following ways.

- During July 2019 to May 2023, Defendant embezzled or stole approximately $248,606 in cash, most of which she deposited into her business and personal accounts. During July 2016 to April 2023, there was about $190,000 of cash deposits into Defendant's business bank account.

- During September 2020, there was one check totaling approximately $1,304 drawn on the School's account and deposited into Defendant's personal account. The check was for goods or services that neither Defendant nor any member of her family provided.

- During August 2019, there was one check totaling approximately $8,580 drawn on the School's account and payable to a company that sells vending machines and items to place inside vending machines. No purchase from that company was authorized by the School.

- During January 2019 to May 2020, there was about $94,472 in unauthorized electronic payments from the School's bank account that paid charges on Defendant's personal credit card.

- During March 2016 to May 2023, there was approximately $99,213 in unauthorized purchases from Amazon and Sam's Club that were charged to the School. About $90,228 of that amount were purchases from Amazon that were shipped somewhere other than the School, about $225 were purchases for delivery to Defendant's home, and about $8,759 were purchases of food, drink or medicine. School officials reported that the only place authorized purchases were

3

shipped was directly to the School, and that the School did not purchase food, drink or medicine except through a catering service.

On April 14, 2020, the School received a Paycheck Protection Program ("PPP") loan in the amount of approximately $302,500 under the Coronavirus Aid, Relief and Economic Security (CARES) Act. The funds were provided by a private lender, but the federal government guaranteed repayment. In addition, after the PPP loan to the School was forgiven, the federal government reimbursed the lender the full loan amount. During the one-year period following April 1, 2020, Defendant embezzled, stole, obtained by fraud, and converted $5,000 or more of the School's funds.

## III
## PENALTIES

A.   COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum ten years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and
4. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A.   SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the

factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. The parties agree that Defendant's Base Offense Level is six, pursuant to USSG § 2B1.1(a)(1).
2. The parties agree that the loss should be determined based on all of Defendant's Relevant Conduct. The parties further agree that, pursuant to USSG § 1B1.3(a)(1)(A), Defendant's Relevant Conduct includes all the conduct described in the Factual Basis, Section II.B above.
3. The parties agree that Defendant should receive an increase of twelve offense levels pursuant to USSG § 2B1.1(b)(1)(G), for the reason the loss involved more than $250,000 but not more than $550,000, pursuant to USSG § 2B1.1(b)(1).
4. The parties agree that Defendant should receive a two-level reduction to her offense level pursuant to USSG § 4C1.1, if Defendant meets the criteria for that adjustment.
5. If Defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.
6. Except as set forth herein, the parties have no agreement concerning any other offense level enhancements or reductions within the United States Sentencing Guidelines.
7. Defendant agrees to the following regarding Restitution:

    a. The amount of restitution ordered by the Court shall include all Relevant Conduct described above, including, but not limited to, all charged and uncharged criminal conduct alleged in the Information, and not limited to the count(s) of conviction. The parties agree that the Court shall order restitution in the amount of at least $452,176, with the specific amount to be determined by the Court at sentencing based on all Relevant Conduct and all evidence then available. The parties further agree that an offense listed under 18 U.S.C. § 3663A(c)(1) gave rise to this plea agreement, and that restitution is therefore mandatory pursuant to 18 U.S.C. § 3663A(c)(2).

    b. Defendant also shall pay the Special Assessment of $100 per count of

conviction by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case.

      c. Restitution and Assessment payments shall be made payable to the "U.S. District Court Clerk."

      d. Court imposed monetary penalties are due immediately and subject to immediate enforcement by the United States. 18 U.S.C. § 3613.

      e. Any Court ordered schedule for restitution payments is merely a minimum payment obligation and does not limit the methods by which the United States may immediately enforce the judgment in full, including but not limited to enrollment in the Treasury Offset Program (TOP) (see 26 U.S.C. § 6402(d); 31 U.S.C. §3720A; 31 U.S.C. § 3716) and garnishment of available funds, wages, or assets (see 18 U.S.C. §§3613, 3664(m)).

      f. If incarcerated, Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule.

      g. Defendant will provide all of defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam. Defendant will fully and truthfully disclose all assets and property in which Defendant has any interest, or over which Defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.

      h. At the request of the U.S. Attorney's Office (USAO), Financial Litigation Program (FLP), Defendant will promptly execute and return a fully completed and executed Financial Disclosure statement under oath, a Tax Information Authorization Form 8821, and a

Request for Transcript of Tax Return Form 4506-T. Defendant also agrees to provide the USAO FLP copies of financial information that Defendant submitted to the U.S. Probation Office.

  i. Defendant authorizes the USAO FLP to obtain Credit Reports concerning Defendant to enable the USAO to evaluate Defendant's ability to satisfy any financial obligations and monetary penalties imposed as part of the sentence, and will execute any Release for such information upon request.

  j. Defendant understands that compliance with USAO requests for financial information will be taken into account when the United States makes a recommendation to the Court regarding Defendant's acceptance of responsibility at sentencing. Defendant's failure to timely and accurately complete and sign the financial statement and any update thereto, may, in addition to any other penalty or remedy, indicate a failure to accept responsibility.

  k. Defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until Defendant has satisfied restitution in full.

  l. Defendant certifies that Defendant has not transferred assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Defendant promises that Defendant will make no such transfers in the future.

  m. If the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which Defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of Defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its

obligations under this plea agreement; or (2) let the plea agreement stand, enforce the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, including enforcement of 100 percent of the value of any previously undisclosed asset. Defendant agrees not to contest enforcement against of such asset or property. If the United States opts to be relieved of its obligations under this plea agreement, Defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

B.   ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.

C.   ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.   CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences,

dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

   D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

   E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

   F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties. Further, this proposed plea agreement is automatically withdrawn if the properly executed original agreement is not received on or before May 16, 2025, at the United States Attorney's Office, District of Nebraska

## IX
## MODIFICATION OF AGREEMENT MUST BE IN WRITING

   No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

**X**

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
MATTHEW R. MOLSEN
Acting United States Attorney

6/17/2025
Date

John E. Higgins
ASSISTANT U.S. ATTORNEY

5-6-2025
Date

Joya M. Kinney
DEFENDANT

May 6, 2025
Date

Ryan S. Crnkovich
COUNSEL FOR DEFENDANT

12