IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>JOYA M. KINNEY,<br><br>                 Defendant. | 8:25CR117<br><br>BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR VARIANCE |

COMES NOW Plaintiff, the United States of America, by and through the undersigned Assistant United States Attorney, and submits its Brief in Opposition to Defendant's Motion for Variance (Filing 19).

INTRODUCTION

The government acknowledges Defendant's lack of criminal history and payment toward restitution, both of which are relevant to sentencing and are in Defendant's favor. Defendant points to those factors, among others, as support for a sentence of probation. In light of all the statutory sentencing factors, however, a sentence within the advisory Guideline range is appropriate.

APPLICATION OF SECTION 3553(a) FACTORS

Pursuant to 18 U.S.C. § 3553(a)(2)(A), the Court must consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment. Here, Defendant embezzled approximately $452,176 from a private school where she held a trusted position. Revised PSR ¶¶ 24, 28. The funds Defendant stole would otherwise have been available to accomplish the school's educational mission. (Victim Impact Statement). Defendant used her position as the bookkeeper to make false entries to conceal her theft, which

required the victim to incur yet more expenses to retore its records to accuracy.  Revised PSR ¶ 32.

Defendant was entrusted with the responsibility to handle funds and keep accurate records.  She used that authority to steal or embezzle cash, negotiate unauthorized checks, and make fraudulent payments with school funds to pay her personal credit card, all over the course of approximately seven years.  Revised PSR ¶¶ 23, 25-27.  The repetitive nature of Defendant's conduct, its duration, her exploitation of her position of trust as the bookkeeper, and the cumulative total she stole, all support imposing a custodial sentence.  Doing so is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, even considering Defendant's lack of criminal history and payment of a significant sum toward restitution.

A custodial sentence is also appropriate to afford adequate deterrence to criminal conduct.  A sentence of probation, as Defendant requests, would deter no one.  To the contrary, most observers would conclude that a trusted employee who used her authority to steal nearly a half million dollars, yet received probation, received a significant break.

The Court must also consider the kinds of sentences available.  18 U.S.C. § 3553(a)(3).  As a matter of statute, probation is an option for this offense because it is a Class C felony.  18 U.S.C. §§ 3561(a), 3559(a)(3).

Under the Guidelines, a sentence of probation would not be allowed based on the 18 - 24 month range reflected in the Revised PSR, because that range falls within Zone D.  USSG §§ 5B1.1 comment. (n.2); 5C1.1(f).  Defendant is correct that she qualifies for the "Zero Point" reduction in USSG § 4C1.1.  Even with that a reduction, however, Defendant's sentencing range still falls within Zone D, for which probation is not an option.

Since the Guidelines are advisory, the Court may as a matter of discretion simply elect not to follow them and instead impose a sentence of probation. Further, as a condition of probation, the Court could include some period of confinement. 18 U.S.C. § 3563(b)(10).

The Court must also consider the sentencing range established by the Guidelines. 18 U.S.C. § 3553(a)(4). There appears to be no dispute concerning the Guidelines calculation and the resulting range of 18-24 months. Revised PSR ¶ 94.

Finally, Defendant is correct that the Court must consider the need to avoid unwarranted sentencing disparities among defendants with similar records and similar conduct. 18 U.S.C. § 3553(a)(6). The Eighth Circuit has made it clear that the relevant comparison is to similarly situated federal defendants. United States v. Deitz, 991 F.2d 443, 447-48 (8th Cir. 1993) ("[W]e hold that the possible discrepancy between state and federal sentences is a factor the Commission considered but chose not to account for in the Guidelines."). In support of her request for a variance to probation, Defendant cites information from the Sentencing Commission indicating that approximately one-third of defendants with her same offense level and criminal history category received probation during 2020-2024. (Filing 22, pgs. 10-11). Far from supporting Defendant's argument, this data undercuts it. Defendant requests a sentence of probation, which approximately two-thirds of similarly situated defendants during the cited time did not receive. A variance to probation would contribute to disparity, not lessen it.

If the Court nonetheless concludes a variance to probation is warranted, it should balance that windfall to Defendant with measures to make the victim whole. According to the Revised PSR, Defendant and her husband have a net positive cash flow – after accounting for all expenses – of slightly over $2,000 per month. Revised PSR ¶ 91. If the Court varies to Probation, it should impose the maximum available term of five years and further require that

Defendant pay at least $2,000 per month toward restitution, rather than the default (and very low) monthly payment of $100 or 5% of monthly gross income. Revised PSR, Special Condition (k). Even if Defendant paid $2,000 restitution per month over 60 months, that plus the pre-sentence payment she made of $80,000 would still total only $200,000, equal to less than half of what Defendant stole.

Regardless of whether the Court varies, it should order Defendant to pay a total of $495,652.13 in restitution, payable as provided in the Revised PSR. Revised PSR ¶¶ 32, 104.

## SUMMARY & CONCLUSION

A variance from the currently calculated Guideline range of 18-24 months to a straight probation sentence, as Defendant requests, would be a steep and unwarranted reduction. Doing so would significantly depreciate the seriousness of Defendant's offense conduct, would foster disrespect for the law and is not necessary to satisfy the other Section 3553(a) factors. In light of all the relevant factors, the Court should impose a sentence within the advisory Guideline range. If the Court decides to vary, it should not be anywhere near the extent Defendant requests. In the event the Court concludes that a sentence of Probation is warranted, it should be for the maximum term and require as a condition monthly payment of restitution in an amount calculated to make the victim as whole as possible.

Respectfully Submitted,

UNITED STATES OF AMERICA,

LESLEY A. WOODS
United States Attorney
District of Nebraska


By:     s/ John E. Higgins
       JOHN E. HIGGINS, #19546
       Assistant U.S. Attorney
       1620 Dodge Street, Suite 1400
       Omaha, NE  68102-1506
       Tel:  (402) 661-3700
       Fax:  (402) 345-5724
       E-mail:  john.higgins@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.  I also hereby certify that a copy of the same was sent by email to the following non-CM/ECF participants:

    Jennifer Pommells, U.S. Probation


       s/ John E. Higgins
       Assistant U.S. Attorney